IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 8, 2002

## TRAVIS POOLE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C01-49     Roy B. Morgan, Judge**

_____

**No. W2001-01196-CCA-R3-PC  - Filed February 26, 2002**

_____

In his petition for post-conviction relief, petitioner alleges that he received ineffective assistance of counsel, he illegally pled guilty to second degree murder, and his guilty plea was not made knowingly and voluntarily. The trial court dismissed the petition. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Jeffrey J. Mueller, Jackson, Tennessee, for the appellant, Travis Poole.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**

On September 7, 1999, Petitioner Travis Poole was indicted by a Madison County Grand Jury for first degree murder, felony murder, and especially aggravated robbery. Trial counsel was appointed to represent petitioner in Jackson City Court. Petitioner pled guilty in Madison County Circuit Court in September of 2000 to second degree murder and aggravated robbery. He received a 52-year sentence.

On February 5, 2001, petitioner filed a petition for post-conviction relief. Petitioner alleged that he received ineffective assistance of counsel and that his plea was unknowing and involuntary. Petitioner later amended his petition to allege that he pled guilty to an unlawful lesser-included offense, _to wit_: second degree murder.

Counsel was appointed for petitioner on March 29, 2001. The trial court heard petitioner's petition on May 7, 2001. The petition was denied, and this appeal followed.

**Facts**

On May 7, 2001, petitioner Travis Poole testified at an evidentiary hearing at which he was seeking post-conviction relief. He testified that he is serving a 52-year sentence for second degree murder based on a guilty plea. Petitioner testified that his post-conviction petition was based upon ineffective assistance of counsel and entering an involuntary guilty plea.

Petitioner testified that he never received discovery from his attorney. He asserts he asked for the discovery "plenty of times." He also testified that he did not meet with his attorney often, perhaps only three or four times. Petitioner testified that he never asked for new counsel.

Petitioner testified that he pled guilty to second degree murder because he "didn't know what was going on" in his case and felt that if he went to trial "something . . . worse would have happened." At the trial stage, petitioner testified that he was satisfied with trial counsel's representation because he felt there was nothing else to do.

In this case, petitioner confessed to the police. He stated that he wanted to rob the victim and, in the course of the robbery, shot the victim. However, after the robbery, someone ran over the victim with a car. Petitioner's theory is that there was no conclusive proof that the bullet killed the victim, rather than the car. Petitioner stated, "[f]or all we know, the car could have killed him." Petitioner is critical of his counsel's representation in that counsel did not bring to the court's attention that the victim was run over after being shot. Petitioner theorizes that, had this been brought to the court's attention, this information "would have helped this case out a whole lot better."

Petitioner asserts that it was illegal for him to plead to second degree murder as a reduced charge of felony murder because second degree murder is not a lesser-included offense of felony murder. Therefore, he pled to an offense to which he is not allowed to plead. He stated that he had no intention of pleading guilty to an offense to which he could not legally plead.

On cross-examination, petitioner acknowledged that his attorney filed for discovery in the case. He also stated that he and his co-defendants, Michael Savage and LeJune Franklin, each gave statements to the police that they planned to rob the victim.

Lastly, petitioner testified that at the time of the guilty plea, his attorney discussed with him everything concerning the guilty plea. He also testified that at the time of the guilty plea, he told the trial court that he understood the plea. He stated that his attorney told him that if the case went to trial, the two co-defendants would testify against petitioner.

Petitioner's trial counsel testified that she was appointed to represent petitioner prior to his preliminary hearing in Jackson City Court. She testified that at the preliminary hearing, she was provided with copies of statements by the state's witnesses. She also testified that after the indictment, she filed a motion for discovery and received discovery from the state.

Counsel testified that it is not the policy in her office to "give criminal [petitioners] copies of the discovery." She stated that the Attorney General has an open file policy whereby attorneys are allowed access to everything in the state's file, and there is sometimes confidential information and witness statements which should not be given to a petitioner. She stated that she would not "put any witness at risk or in jeopardy because I have allowed a criminal [petitioner] to have all that information carte blanche and do what he or she will with it."

She stated it is her practice to take the file to the petitioner and discuss it with him or her. She also stated that on numerous occasions, she or her assistant, also an attorney, went to the jail where petitioner was allowed to review documents in his file.

Counsel testified that prior to trial, she filed a motion for expert services seeking a weapons expert because she believed there was an issue regarding the weapon's safety mechanism. This motion was denied. After the motion was denied, counsel engaged in plea negotiations with the state.

Counsel testified that in her opinion, she believed that petitioner would be convicted as charged, and she sought an agreement for second degree murder.

At the hearing, counsel identified the indictment under which petitioner was indicted for first degree premeditated murder, felony murder, and aggravated robbery. Count One was first degree premeditated murder, and it was this count that was reduced to second degree murder at the time of the guilty plea. Petitioner also pled guilty to aggravated robbery, Count Three. There was no plea to the second count of felony murder. The original indictment alleged only felony murder. However, that indictment was dismissed, and petitioner was reindicted on the subsequent three counts.

Finally, counsel testified that the issue of whether the gunshot or the car caused the victim's death was not a critical issue because the autopsy report, which was included in the discovery given to counsel, indicated that the victim died from the gunshot wound. She noted that petitioner admitted to being the shooter.

At the conclusion of the hearing, the court found that petitioner pled voluntarily to second degree murder and that the charge of second degree murder was the lesser-included of the first degree murder charge, which was the first count in the indictment. The trial court also concluded that trial counsel obtained discovery in the case and discussed it with petitioner, discussed the plea agreement of the co-defendants and their willingness to testify against petitioner, and argued a motion for expert services, which was denied. The court concluded that there was no evidence showing ineffective assistance of counsel.

In viewing the transcript of petitioner's plea hearing, the record shows that petitioner understood that he was giving up constitutional rights and that he understood the consequences of giving up those rights whereby his convictions would go on his criminal record. He also stated that he pled without any threats and under no coercion. Petitioner stated that the statement

he gave to police regarding how the victim died was true and that the court concluded that his plea was voluntarily and intelligently given.

## Analysis

Initially, we note that petitioner must prove all of his factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f)(1997). Unless the evidence preponderates otherwise, the post-conviction court's factual findings are binding upon this Court. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). Likewise, the post-conviction court resolves all questions pertaining to the credibility of witnesses and the weight and value to be attributed to their testimony. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Additionally, we may not re-weigh or re-evaluate the evidence or substitute our inferences for those drawn by the post-conviction court. Williams v. State, 1999 Tenn. Crim. App. LEXIS 110, No. 03C01-9801-CC-00013, 1999 WL 58608, at *2 (Tenn. Crim. App. at Knoxville, February 9, 1999). This Court reviews *de novo* mixed questions of law and fact, including the ultimate issue of whether counsel rendered constitutionally ineffective assistance. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

*I. Ineffective Assistance of Counsel*

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to demonstrate that (1) his attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the petitioner so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996). In Baxter, our Supreme Court held that attorneys should be held to the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974) and United States v. DeCoster, 159 U.S. App. D.C. 326, 487 F.2d 1197, 1202-04 (D.C.Cir. 1973). Baxter, 523 S.W.2d at 936.

In Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. Under Hill, a petitioner is also required to show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S. Ct. at 370.

The petitioner's burden of proof in all post-conviction cases filed after May 12, 1995, is one of clear and convincing evidence, see Tenn. Code Ann. § 40-30-210(f), and reviewing courts must indulge a strong presumption that counsel's conduct falls within the range of reasonableness. Finally, the trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 341 (Tenn. Crim. App. 1994).

In the instant case, petitioner alleges that his trial counsel was deficient because counsel did not provide petitioner a copy of discovery material and because counsel did not investigate a possible intervening cause of death of the victim. On both assertions, we disagree with petitioner and uphold the trial court's decision.

The testimony at the evidentiary hearing reveals that trial counsel or her assistant met with petitioner several times to review material provided from the state, including witness statements and the autopsy report. Trial counsel stated that she explained to petitioner that the co-defendants in the case were prepared to testify against petitioner. She further stated that there was no need to further investigate a possible intervening cause of death because the coroner's report revealed that the victim died from a gunshot wound, a wound that petitioner admitted he inflicted.

Though counsel acknowledged that she did not turn over discovery material to petitioner and leave it in his control, it is evident that petitioner was able to review his file with trial counsel and knew the evidence that would be presented against him at trial. This Court is of the opinion that trial counsel's performance was not deficient in that she reviewed the material in the state's file, discussed the material with petitioner so as to allow petitioner to gain an understanding of the state's case, and tried to favorably dispense with unfavorable evidence by requesting a weapon's expert on the issue of the gun's condition and performance. This issue is without merit. We affirm.

I.   *Plea to Second Degree Murder*

Petitioner contends that his plea to second degree murder was impermissible because second degree murder is not a lesser-included offense of felony murder. The Tennessee Supreme Court recently determined that second degree murder *is* a lesser-included offense of felony murder, State v. Ely, 48 S.W.3d 710 (Tenn. 2001). However, this issue is without merit. The record in this case shows that petitioner did not plead to the felony murder charge of the indictment but rather pled to the first degree premeditated murder charge, which was reduced to second degree murder. The felony murder charge was dismissed prior to trial. Petitioner pled guilty to second degree murder via the first degree murder charge in the indictment, not the felony murder charge. Petitioner's contention that his plea was impermissible is wholly unsupported. We affirm the trial court's ruling.

II.   *Entrance of Guilty Plea*

In order for a conviction based upon a guilty plea to comport with due process, the plea must be voluntarily, knowingly, and understandingly entered. Boykin v. Alabama, 395 U.S. 238, 242-44, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274 (1969). A guilty plea is not voluntary "if it is the product of 'ignorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats . . . .'" Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting Boykin, 395 U.S. at 242-43, 89 S. Ct. at 1712). The standard for assessing the validity of a guilty plea is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the [petitioner].'" Id. (quoting North Carolina v. Alford, 400 U.S. 25, 31, 91 S.

Ct. 160, 164, 27 L. Ed. 2d 162 (1970)). "[T]he record of acceptance of a defendant's plea of guilty must affirmatively demonstrate that his decision was both voluntary and knowledgeable, i. e., that he has been made aware of the significant consequences of such a plea; otherwise, it will not amount to an 'intentional abandonment of a known right.'" State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977). To assess whether a petitioner entered a knowing, voluntary, and intelligent guilty plea, this Court must consider the totality of the circumstances. State v. Turner, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995).

In the instant case, petitioner contends that his plea was not knowing and voluntary because he was unhappy with counsel's communication and investigation of the case. Thus, he entered the plea to "get this situation out of the way." For the reasons we have noted above, we again conclude that counsel's communication and investigation in this case were not deficient. As such, petitioner had two choices: proceed to trial or take a plea from the state. Further, there is no evidence in the record that petitioner's plea was not knowing and voluntary. In fact, the transcript of the plea hearing plainly shows that petitioner understood that he was giving up his rights, he understood the consequences of giving up those rights, and he pled while under no threats or coercion to plead. We conclude that the plea was voluntary and intelligent. We affirm.

## CONCLUSION

Accordingly, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE

-6-